†JAMES H. SMITH V. NEWARK, SOMERSET & STRAITSVILLE R. R. Co. ET AL.

1. SOLVENT STOCKHOLDERS MUST ALL BE BROUGHT IN SUIT FOR LIABILITY.

     All solvent stockholders of an insolvent corporation within the jurisdiction of the court, are necessary parties in determining the liability of stockholders, and must all be brought in before a final adjudication can be made.

2. A PLAINTIFF WHO FAILS TO MAKE ALL STOCKHOLDERS PARTIES MUST LOSE PRO RATA.

     A plaintiff who negligently fails to make solvent stockholders within the jurisdiction, parties until right of action against them is barred, will not be permitted to increase the assessment against solvent stockholders duly served, by reason of such deficiency; but all solvent stockholders within the jurisdiction, whether served or not, will be treated as in court for the purpose of the assessment, and the loss must fall upon the plaintiff and the other creditors of the corporation.

†This judgment as modified was affirmed by the Supreme Court; see opinion, 54 O. S., 562.

**3. CORPORATION MAY HOLD STOCK IN ANOTHER CORPORATION AND IS LIABLE AS AN INDIVIDUAL.**

A corporation cannot subscribe to the capital stock of another corporation and thus aid in the formation of a new corporation; but if not prohibited by its charter, it may invest in, hold or own stock in another corporation, and will be liable for assessments thereon, the same as an individual holder.

APPEAL from the Court of Common Pleas of Licking county.

JENNER, J.

The plaintiff, on December 18, 1882, filed an amended petition against the Newark, Somerset & Straitsville R. R. Co. and the Baltimore & Ohio R. R. Co. et al., alleging, among other things, that he was the owner of certain promissory notes, executed by the Newark Somerset & Straitsville R. R. Co. on December 27, 1872, and by it delivered to Shields, Evans & Co. That the said railroad company has no property subject to execution, and that the corporation is insolvent; and he seeks to collect from the other defendants named in said petition the statutory liability as stockholders of the said insolvent corporation.

J. D. Hamilton, a defendant by way of cross-petition, alleges that he is the owner of one of the said promissory notes delivered by the insolvent company to Shields, Evans & Co., which he also seeks to collect from the other defendants named in the said petition, on their statutory liability as stockholders of the said insolvent corporation.

Answers were filed by the Straitsville R. R. Co., and also the B. & O. R. R. Co., and other defendants, taking issue on the averments of the petition.

The B. & O. R. R. Co., before filing its answer, demurred to the amended petition. The demurrer was heard, and overruled, and thereafter the cause was tried to this court. At the October Term, 1887, a judgment was rendered in favor of the plaintiff and the defendant Hamilton, for the amount appearing to be due on the promissory notes held by each of them. The amounts of said judgments now aggregate over two hundred thousand dollars.

The main issue heard on the trial was the solvency of the Straitsville R. R. Co. and the alleged fraudulent settlement with Shields, Evans & Co., the execution and delivery of the said notes now in the judgment, and as to whether the holders of preferred stock were subject to assessment thereon under the statute.

On error, these questions were carried to the Supreme Court of Ohio, and the judgment of the circuit court affirmed. 48 O. S., 219.

The claim is made that the judgment of the circuit court was not final as to the questions passed upon in 1887; but if final, then the uncontradicted averment of the amended petition, that certain stock of the insolvent railroad company, to the amount of 13,450 shares, is held by Drexel, Morgan & Co., was also final.

After the affirmation by the Supreme Court, the case was remanded to the court of common pleas for further proceedings, and was there referred to Charles W. Seward as special master to report his findings of fact and of law, together with the evidence taken on the hearing. He filed his report, and to his findings, the B. & O. R. R. Co. filed numerous exceptions. On the hearing of said exceptions in the circuit court, at the October term, 1893, exceptions Nos. 3, 7 and 8 were sustained.

It was averred in the amended petition that Drexel, Morgan & Co. was the holder of 13,450 shares of the capital stock of the N., S. & S. R. R. Co., which was not denied. The master found that Drexel, Morgan & Co. was a trustee only, and that the B. & O. R. R. Co. was the owner of the stock, and subject to assessment thereon. The circuit court held that, as against the averment that Drexel, Morgan & Co. was the holder of said stock, this finding of the master was erroneous.

It was made to appear, both before said master and to the circuit court, that numerous defendant stockholders, although within the jurisdiction of the court,

had not been made parties or served with process. Exceptions 7 and 8 were sustained for this reason.

The plaintiff asked leave to file an amendment to his petition, after said exceptions were sustained, setting up that the B. & O. R. R. Co. was the owner of said stock, and not Drexel, Morgan & Co., which leave was granted; to which the defendants excepted.

The court on said hearing held that all solvent owners of stock in said insolvent company should be brought in; that they were necessary parties to a complete adjudication of the questions involved in the case.

The plaintiff also took leave to file an amended and supplemental petition making new parties in which they attempted to bring in all the solvent stockholders of said insolvent company, and to revive as against certain defendant stockholders.

The case was then referred to A. R. McIntyre, as special master, to take testimony on the new questions presented by the amendment so made, and he has filed his report in this court, to which report the B. & O. R. R. Co. and other defendants have filed numerous exceptions.

Before the hearing of the exceptions to said last report, the B. & O. R. R. Co. filed a motion to dismiss this cause, for the reason that all necessary parties had not been made defendant in the action, and that, by reason of the negligence of the plaintiff in not reviving as to certain deceased defendants, the claim against such stockholders had been barred by the statute of limitations.

Said defendant also filed a motion setting forth that there were numerous stockholders, necessary parties to this proceeding, who had not been served with summons or made parties thereto, and that this cause cannot proceed without the presence of such parties, and it is now impossible to bring them in and compel them to contribute because of the statutory bar; and they ask that the cause be dismissed for that reason. And then a further motion was filed by the defendant, the B. & O. R. R. Co., setting forth that Gibson Atherton, as trustee of Lewis Evans and others, filed an answer and cross-petition in this case, and he has been dead more than four years, and the cause has never been revived; and they ask that the answer and cross-petition of said Gibson Atherton, as trustee, be dismissed and stricken from the files.

Said defendant also filed a demurrer to each of the replies of the plaintiff and W. D. Hamilton, assigning as a ground that the replies do not state facts sufficient to constitute a reply to such answer.

This case has been argued by counsel representing the defendants on the theory that there has been no final adjudication of any of the questions involved in the case. They have reargued many points that were urged on the first hearing at the October term, 1887, and also on the hearing at the October term, 1893, and the importance of the questions, and the large amount involved, induced the court to permit great latitude in the presentation of the views of counsel; but it is the opinion of the court that the judgment rendered in favor of the plaintiff, and in favor of Hamilton, at the October term, 1887, was final as to said judgment and the amount thereof, and also, on the question as to the sufficiency of the averments of the amended petition as to the insolvency of the railroad company.

It is also the opinion of the court that, in the order of reference made to special master McIntyre, certain questions which arose on exceptions to the report of special master Seward were disposed of by this court, and were not open for reexamination before special master McIntyre.

As to the power of the court to allow the plaintiff to amend his petition before the reference to special master McIntyre, so as to aver that the B. & O. R. R. Co. were owners of what is known as the "Drexel, Morgan & Co. stock," we think we are fully authorized by sec. 5114, Rev. Stat., which permits amendments in furtherance of justice in any stage of the proceeding.

The plaintiff was also permitted to file, and did file, February 5, 1894, an amended and supplemental petition, in which he sets out fully what they claim

to be a full list of the stockholders, solvent and insolvent, of said insolvent railroad company, in which they designate which ones have died since the commencement of the suit, and who their personal representatives are, and those within the jurisdiction of the court he claims to have duly served with process. As to many of these defendant stockholders so brought in by said amended and supplemental petition, it is made to appear, by answer or otherwise, that more than six years have elapsed since the filing of the original petition, averring insolvency of said railroad company, and the statutory bar is set up as a defense to this action against each of them.

The demurrer to the reply will be overruled; taken as a whole, we think it constitutes a good reply to the answer.

Next, as to the motions submitted by the defendant before this hearing commenced. We think the motion to strike the answer and cross-petition of Gibson Atherton, as trustee, from the files should be overruled. After the death of Atherton, the cause of action was revived in accordance with sec. 5149, Rev. Stat.

The motion to dismiss the cause of action on the ground of the alleged negligence of the plaintiff in failing to bring insolvent stockholders within the jurisdiction of the court presents a question of much difficulty. We think the facts justify the conclusion that, in this important requisite of our statute, sec. 3260, Rev. Stat., the plaintiff has been negligent. All the holders or owners of stock are necessary parties in determining the amount for which each shall be liable to pay on all the indebtedness of the corporation; and yet, with solvent stockholders and the representatives of deceased solvent stockholders within the jurisdiction, the plaintiff has permitted more than six years to elapse without any attempt to bring them in. True, after the opinion of this court was announced at the October term, 1893, the plaintiff did proceed by amended and supplemental petition to bring them all in, and we think due diligence has been shown in attempting to comply with the order of the court.

It may be a fact, as claimed by the motion of the B. & O. R. R. Co., sustained by affidavit, that some solvent stockholders therein named have not been made parties defendant or served with process since the order of the court in 1893. Assuming that to be true, at this late date, we are unable to see how either the plaintiff or the defendant stockholders can be benefited by bringing them in now. Any claim against them has been barred by the statute of limitations. 4981, Rev. Stat., 40 O. S., 507.

By reason of this negligence of the plaintiff, should this cause be dismissed?

It is insisted by counsel for the B. & O. R. R. Co., that this necessarily follows; that there can be no adjudication of this cause between the defendants now in court, as provided by sec. 3260, without all the stockholders, whether within the jurisdiction, or beyond the jurisdiction, are before the court. It is said and urged, and authorities cited to sustain the position, that this court has no discretion; that the facts in this case determine the question, and that a dismissal follows. Section 5314, it is said, authorizes this dismissal.

We fully assent to the proposition that the defendant stockholders must not suffer by reason of this negligence of the plaintiff. Can the rights of all parties be protected without a dismissal of the cause?

In *Umsted* v. *Buskirk*, 17 O. S., 114, the Supreme Court announce the proposition: "The right of contribution grows out of the organic relation existing among stockholders. As between them and the creditors, each stockholder is severally liable to all the creditors. As between themselves, each stockholder is bound to pay in proportion to his stock."

In *Mason* v. *Alexander*, 44 O. S., 319, it is held that where the indebtedness of the corporation is greatly in excess of the capital stock, it is not error to proceed to judgment in the absence of a defendant stockholder; that is, one against whom equitable contribution may be demanded by a co-defendant. The reason of this is obvious: Each stockholder is here liable under the statute for

the full face value of his stock.   There are no equities to be adjusted between stockholders.

We have concluded to overrule the motion of the defendant to dismiss this cause on the ground stated in their motion, and, in doing so, we hold, as to any assessment to be made against defendant stockholders who are before the court: that all solvent stockholders within the jurisdiction, whether served or not; all deceased solvent stockholders whose personal representatives should have been made a party, or for whom a personal representative should have been appointed, shall be treated as before the court for the purpose of assessment, and no larger assessment shall be made against any defendant in this action by reason of the negligence of the plaintiff in failing to bring other defendants in, as the statute requires.

Shields, Evans & Co., were the owners of the Drexel, Morgan & Co. stock when it was originally issued or the greater part of it.   The master's report shows, with much detail, the transfer of this stock, to members of that firm, and subsequently to W. C. Quincy or John King, Jr., and finally it came into the hands of Drexel, Morgan & Co.

The master's report further finds that all the members of the firm of Shields, Evans & Co. are insolvent, except W. D. Hamilton, and it is alleged there are certain equities here to be adjusted between the plaintiff, who purchased the notes after maturity, and who, it is said, stands in no better condition than Shields, Evans & Co. would stand if they were before the court, and the present owners of said stock.

One of the points urged is that Shields, Evans & Co. were liable to be assessed on this stock, under the statute, to pay the indebtedness of the insolvent corporation, they being also creditors, the owners and holders of these notes until after their maturity; that in equity, the claim, or at least a part of the claim represented by these notes, should be offset by this liability.

It seems to us that this position is not tenable. If the corporation is solvent, it must pay all liabilities.   Its property must first be exhausted in the payment of its debts.   The stockholder's liability only follows when the corporation becomes insolvent, and is unable to meet its liabilities.   Each owner of stock is liable to be assessed in proportion to the stock he owns to pay the debts the insolvent corporation is unable to pay.   Each assignee of the stock takes the stock with this burden upon it, and, if solvent, the assignor is relieved of all liability. As shown by the facts reported by the master, this stock that was formerly held by Shields, Evans & Co. was all transferred by them long before the corporation became insolvent.   See Brown v. Hitchcock, 36 O. S., 667.

We conclude, therefore, that there are no equities to be adjusted between the present holders of said stock and Shields, Evans & Co.

It is urged that the facts do not justify the master in finding that these 13,450 shares of stock, held by Drexel, Morgan & Co., are in fact owned by the B. & O. R. R. Co.

The amount is large, and we have read the evidence submitted by the master on this disputed question, and it is substantially this:   That W. C. Quincy, at the time he was general manager of a portion of the B. & O. lines, and John King, Jr., while acting as vice president of the B. & O. R. R. Co., purchased this stock.   It was paid for with the money of the company, and transferred to Drexel, Morgan & Co. without consideration, and they hold it in trust for the B. & O. Co.   The facts justify the conclusion that Mr. Quincy and Mr. King were the agents of the B. & O. R. R. Co., in the purchase of this stock, and that Drexel, Morgan & Co. hold it for the benefit of the B. & O. R. R. Co.

So, we conclude that the master did not err in his finding of the fact that the B. & O. R. R. Co. is the owner of this stock.

But it is urged that the charter of the B. & O. Co. does not authorize it to own stock in another corporation; that it cannot legally hold this "Drexel, Morgan & Co." stock; that whatever it may have done or attempted to do in the

purchase of that stock was *ultra vires*, and void. In *Railroad Co.* v. *Iron Co.*, 46 O. S., 44, it is held by the Supreme Court that "An incorporated company cannot, unless authorized by statute, subscribe to the capital stock of another; a subscription so made is *ultra vires*, and void." Reading this proposition of the syllabus in connection with the quotation from Morawetz, p. 49, cited in support of it, we think it is clear that the Supreme Court only intended to hold that a corporation cannot be an original subscriber, or one of the incorporators of another corporation. ·

If the B. & O. Co. cannot hold this "Drexel, Morgan & Co." stock, neither could it hold any of the common or preferred stock, which it is admitted it did own. Certainly a railroad company, without express authority in its charter, may invest its idle money in the dividend-paying stock of another corporation, and if it may do that, and enjoy the benefit of the dividends while paid, may it not be liable to assessments the same as an individual, if from any cause the corporation becomes insolvent? We think the B. & O. Co. are liable to. assessment on this stock as owners.

· We find that the judgment heretofore rendered in favor of the plaintiff, and the judgment in favor of the defendant, W. D. Hamilton, and the claim in favor of Owens, as trustee, and the judgments in favor of Elizabeth Hull, as administratrix *de bonis non* of the estate of Martin Burkey, deceased, are valid liabilities ·of this insolvent railroad company, for the payment of which the stockholders are subject to assessment, and assessment will be made on the basis heretofore suggested, treating all of the stock, held by defendants regularly served and by solvent stockholders within the jurisdiction who should have been served, and the estates of the deceased solvent stockholders, personal representatives for whom should have been appointed and brought in, all subject to assessment, as if regularly before the court. The loss by reason of the failure to bring them in, will necessarily fall upon the creditors of this insolvent company.

As to the costs, we conclude that, as a second reference was made necessary by reason of the amendment made by the plaintiff to his petition, and by reason of his amended and supplemental petition, that all the costs of the reference to special master McIntyre must be taxed against the plaintiff and other creditors of the corporation. :

A decree will be entered accordingly.

*J. Buckingham*, *J. D. Jones* and *G. B. Smythe*, for plaintiff.
*J. H. Collins* and *C. H. Kibler*, for defendants.